UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK JERVIS, | ) |
|       Plaintiff | ) |
| v. | ) CAUSE NO. 3:05-CV-602 RM |
| DR. MICHAEL MITCHEFF, *et al.*, | ) |
|       Defendants | ) |

<u>OPINION AND ORDER</u>

Jack Jervis, an inmate confined at the Indiana State Prison, submitted a complaint under 42 U.S.C. § 1983, alleging that he was denied adequate medical care. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. <u>Weiss v. Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
>     In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on

> a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Jervis alleges that another inmate attacked him on August 2, 2003, and that he had medical issues before the attack. Mr. Jervis alleges that before Dr. Alli-Baloqun was transfered, he neglected to adequately treat him for his arthritis. Mr. Jervis alleges that on September 2, 2003, Dr. Mitcheff took away his wheelchair without examining his condition. Mr. Jervis alleges that Dr. Mitcheff refused to rinse out the catheter he has in his chest, that on August 22, 2003, Dr. Mitcheff refused to give him medication, and Dr. Mitcheff refuses to give him treatment after an MRI showed Mr. Jervis had a broken back and broken knee. He alleges he needs to take Indocin, but that he takes Lasix, potassium pills, Tylenol, Baclofen, Eleville, Coumadin, and Hofz. Mr. Jervis says he is taking Vicodin, and uses a wheelchair and a cane to help him walk. Mr. Jervis alleges his Eighth Amendment rights have been violated by the defendants Dr. Mitcheff, Carla Foster, and Dr. Alli-Baloqun because Mr. Jervis is a 300-pound man with lifetime medical issues who didn't receive medical treatment. Complaint, at 4.

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). The Indiana

statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. Campbell v. Chappelow, 95 F.3d 576, 580 (7th Cir. 1996). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Casualty Co., 959 F.2 75, 79 (7th Cir. 1992) (citations omitted). The statute of limitations on the some of these claims expired on August 30, 2005. This complaint was signed on August 31, 2005, therefore any claims alleging events before that date are time-barred and must be dismissed. All of the allegations against Dr. Alli-Baloqun took place before August 30, 2005. Complaint, at 3. Dr. Alli-Baloqun, and all claims against him, will be dismissed.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

Mr. Jervis names Carla Foster as a defendant in this case. He doesn't allege that the Ms. Foster denied him adequate dental care, only that she is the medical supervisor. The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no

3

application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Carla Foster will be dismissed as a defendant.

### DENIAL OF MEDICAL CARE

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 837. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a defendant merely failed to act reasonably.

Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. Hendricks v. Faulkner, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.*, Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983) (a mere disagreement with a physician over a course of medical treatment states no claim under § 1983). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108. Mr. Jervis says Dr. Mitcheff refused him medical treatment because he took away his wheelchair, wouldn't rinse out his catheter, and refused to give Mr. Jervis medical treatment after an MRI proved that his back and knee were broken. Mr. Jervis says he is taking several medications, including Vicodin for his pain, and currently uses a wheelchair and cane. Giving Mr. Jervis the benefit of the inferences to which he is entitled at the screening stage, the court cannot say that he can prove no set of set of facts against defendant Dr. Mitcheff consistent with his claim that the doctor denied him adequate medical care.

For the foregoing reasons, the court:

    (1) GRANTS Mr. Jervis leave to proceed against Dr. Michael Mitcheff in his individual capacity on his Eighth Amendment claim;

    (2) DISMISSES all other claims and defendants;

5

(3) DIRECTS the clerk to transmit the summons and USM-285 for Dr. Michael Mitcheff to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Michael Mitcheff;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Michael Mitcheff respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the one claim for which Mr. Jervis has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April  4 , 2006

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court