UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK JERVIS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>DR. MICHAEL MITCHEFF, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-602 RM |

OPINION AND ORDER

Plaintiff Jack Jervis, a *pro se* prisoner, filed an amended complaint. Under FED. R. CIV. P. 15(a) leave to amend the complaint shall be freely given when justice so requires. Because the amended complaint was signed and mailed prior to the deadline for filing amended pleadings, Mr. Jervis will be granted leave to amend his complaint.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less

> stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Jervis alleges that Dr. Mitcheff intentionally inflicted pain upon him during an initial examination on August 2, 2003. The statute of limitations bars this claim. Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. Campbell v. Chappelow, 95 F.3d 576, 580 (7th Cir. 1996). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993). "[A] plaintiff can plead himself out of court. If he

2

alleges facts that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Casualty Co., 959 F.2 75, 79 (7th Cir. 1992) (citations omitted). Pursuant to FED. R. CIV. P. 15(c), an amended pleading relates back to the date of the original pleading.  Mr. Jervis signed his original complaint on August 30, 2005, so any claims that Mr. Jervis asserts must have arisen after August 30, 2003. Mr. Jervis alleges that Dr. Mitcheff was deliberately indifferent during the initial examination on August 2, 2003. Even if Dr. Mitcheff's conduct was deliberately indifferent, this claim is barred by the statute of limitations. It must be dismissed.

Mr. Jervis also asserts that Dr. Mitcheff denied him medical care on other occasions.  In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total

3

disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Jervis states in his verified complaint that Dr. Mitcheff provided meaningless, superficial medical care and that his pain management program is meaningless because the pain persists. Mr. Jervis also states that Dr. Mitcheff refused to let him see outside specialists for treatment. Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care... [and] is not

4

entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Mr. Jervis is unhappy with the course of treatment that Dr. Mitcheff used. Although Mr. Jervis may request specific care, he is not entitled to receive it. Failing to comply with Mr. Jervis's demands does not rise to deliberate indifference.

Mr. Jervis complains that Dr. Mitcheff's pain management program is meaningless because the pain persists. Mr. Jervis is not entitled to the best care possible. Furthermore, the Eighth Amendment does not require medical success, it merely prohibits wanting harm to come to an inmate. According to Mr. Jervis's amended complaint, Dr. Mitcheff has tried to address the pain, but the pain persists. Nothing in the complaint suggests that Dr. Mitcheff wanted harm to come to Mr. Jervis. While the treatment has not been as successful as Mr. Jervis had hoped, the lack of success is not deliberate indifference.

Finally, Mr. Jervis alleges that Dr. Mitcheff stated that Mr. Jervis didn't need the wheelchair. Again, Mr. Jervis merely questions Dr. Mitcheff's diagnosis. Furthermore, Mr. Jervis suggests that Dr. Mitcheff was deliberately indifferent by failing to request Mr. Jervis's medical records for a previous back surgery. The Eighth Amendment does not require that Dr. Mitcheff consult previous records when treating Mr. Jervis. While the failure to do so may have been negligent, even medical malpractice, this is not the functional equivalent of wanting harm to come to Mr. Jervis. As a result, Mr. Jervis's claims as amended, must be dismissed.

For the aforementioned reasons, the court GRANTS Mr. Jervis leave to

amend his complaint, DISMISSES this case pursuant to 28 U.S.C. §1915A, and DENIES AS MOOT defendant's motion for an extension of time [docket #27].

SO ORDERED.

Dated this 16th Day of November, 2006.

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court
